IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS TATE, | ) | |
|     Petitioner, | ) | Civil Action No. 12-110 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JACK DANERI, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

Petitioner, Amos Tate, is on bail pending the disposition of state criminal charges. He has filed a petition for a writ of habeas corpus which this Court must construe as being filed pursuant to 28 U.S.C. § 2241.[1] [ECF No. 4]. Respondent has filed a motion to dismiss. [ECF No. 10]. It is recommended that that motion be granted. It is further recommended that Petitioner's motion for temporary injunction [ECF No. 8] and writ of mandamus [ECF No. 9] be denied.

**II.     REPORT**

    **A.     Relevant Background**

On June 6, 2012, Tate commenced this action by filing a petition for a writ of habeas corpus. [ECF No. 4]. He named as Respondent the Erie County District Attorney, Jack Daneri, Esquire. The docket sheet for the Court of Common Pleas of Erie County, which Respondent has attached to the motion to dismiss as Exhibit A, demonstrates that Tate is in the pre-trial stages of a criminal case in

---

[1]    A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the judgment of a state court. See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001). When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241. Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); 1-5 R. Hertz & J. Liebman FEDERAL HABEAS PRACTICE AND PROCEDURE § 5.3 n.6 (Nov. 2011) (collecting cases).

which he has been charged with aggravated assault, theft by unlawful taking, disorderly conduct, and public drunkenness. It appears that he posted bail on or around February 1, 2012,[2] and his trial is scheduled for July 16, 2012.

Tate raises a single claim in his petition: "Illegal pending charges." [ECF No. 4 at 15]. In a memorandum attached to his petition [ECF No. 4-1], he contends that he is innocent and argues that there was not enough credible evidence introduced at the preliminary hearing to hold him over for trial. He admits that he has not exhausted his claim. [ECF No. 4 at 5]. In his motion for a temporary injunction [ECF No. 8] and writ of mandamus [ECF No. 9] he asks that this Court issue an order enjoining his state trial and barring the District Attorney from continuing to prosecute him.

### B. Discussion

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore, 515 F.2d at 448 (citing 28 U.S.C. § 2254 and Peyton v. Rowe, 391 U.S. 54 (1967)). "Nevertheless, jurisdiction to issue the writ exists in the federal courts before a judgment is rendered in a state criminal proceeding" pursuant to 28 U.S.C. § 2241. Id. Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> - - -
> (c) The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

---

[2] On the first page of the petition, Tate states that he is confined in the Erie County Prison. However, the address that he has provided is not the Erie County Prison's and appears to be that of a private residence. It appears that the state court has released Tate on bail. Even if Tate is in fact on bail, he has satisfied the requirement that he be in "in custody" when he filed his petition because a state defendant released on bail is "in custody" within the meaning of § 2241. 1-8 R. Hertz & J. Liebman FEDERAL HABEAS PRACTICE AND PROCEDURE § 8.2[d] & n.44 (Nov. 2011) (collecting); B. Means FEDERAL HABEAS MANUAL § 1:10 (June 2012).

2

While the Court has jurisdiction under 28 U.S.C. § 2241 to entertain Petitioner's pre-trial habeas corpus petition, Moore, 515 F.2d at 443, it is clear that he is not entitled to habeas relief at this time. The proper procedure for a petitioner such as Tate is to exhaust (in the event that he is convicted) the constitutional claims challenging his judgment of sentence in state court, and then, if relief is not obtained, present them to this Court in a petition filed pursuant to 28 U.S.C. § 2254. Id. at 443-49. As the Court of Appeals for the Third Circuit observed,

> Petitioner ... will have an opportunity to raise his [federal constitutional claim] during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner's] constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Id. at 449.

In Moore, the Court of Appeals instructed "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are present*." Id. at 443 (emphasis added). "[W]here there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction *only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies*." Id. (emphasis added).

Tate is not entitled to a writ of habeas corpus under § 2241 because extraordinary circumstances are not present and he has not exhausted his claim. Therefore, the Respondent's motion to dismiss must be granted. In addition, since Tate has not demonstrated that he is entitled to habeas relief or that there is any reason whatsoever for this Court to enjoin his ongoing state criminal proceeding, his motions for a

3

temporary restraining order [ECF No. 8] must be denied.[3] So too must his motion for a writ of mandamus [ECF No. 9]. This court has the authority, under the All Writs Act, to issue a writ in the nature of mandamus when necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651; Moore, 515 F.2d at 447. But the All Writs Act does not provide an independent basis for jurisdiction and may be invoked only in aid of jurisdiction already possessed by the court on some other ground. In re Wallace, 438 F.App'x 135, 136-37 (3d Cir. 2011). In this case, issuing a writ in the nature of mandamus would not aid the court in the exercise of its jurisdiction. Accordingly, the plaintiff is not entitled to a writ of mandamus. Id. (affirming the district court's decision to deny a petitioner's writ of mandamus to compel a state court to dismiss his case and noting that "[w]e do not have jurisdiction to grant that request."). See also Moore, 515 F.2d at 447-49.

---

[3] Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." To secure the extraordinary relief of a preliminary injunction or temporary restraining order, Tate must demonstrate several factors, including: that he is likely to succeed on the merits; denial will result in irreparable harm; and, granting the injunction is in the public interest. See, e.g., Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002). Tate has not established any of these factors.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss [ECF No. 10] be granted and the petition for a writ of habeas corpus be dismissed. It if further recommended that Tate's motions for a temporary restraining order [ECF No. 8] and a writ of mandamus [ECF No. 9] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Tate is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: July 16, 2012            /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge


cc:     The Honorable Sean J. McLaughlin
        United States District Judge